**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James A. Primus, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2021-000479

———————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————

Unpublished Opinion No. 2022-UP-046
Submitted February 1, 2022 – Filed February 9, 2022

———————

**AFFIRMED**

———————

James A. Primus, pro se.

Imani Diane Byas, of South Carolina Department of
Corrections, of Columbia, for Respondent.

———————

**PER CURIAM:** James A. Primus appeals an order from the Administrative Law
Court (the ALC), arguing the ALC erred by affirming the South Carolina
Department of Corrections' decision that it properly reclassified his kidnapping
conviction as a sexual offense on his annual review.

Because the trial court did not make a finding on the record that Primus's kidnapping offense did not include a criminal sexual offense or an attempted criminal sexual offense, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("Although this court shall not substitute its judgment for that of the AL[C] as to findings of fact, we may reverse or modify decisions which are controlled by error of law or are clearly erroneous in view of the substantial evidence on the record as a whole."); S.C. Code Ann. § 23-3-430(A) (2007) ("Any person, regardless of age, residing in the State of South Carolina who in this State has been convicted of . . . an offense described below . . . shall be required to register pursuant to the provisions of this article."); S.C. Code Ann. § 23-3-430(C)(15) (Supp. 2020) ("For purposes of this article, a person who has been convicted of . . . any of the following offenses shall be referred to as an offender: . . . (15) kidnapping (Section 16-3-910) of a person eighteen years of age or older except when the court makes a finding on the record that the offense did not include a criminal sexual offense or an attempted criminal sexual offense . . . .").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.